El Pueblo de Puerto Rico, demandante y apelante, *v.* Santiago Cruz Zalduondo, acusado y apelante.

No. 5823.—*Sometido:* Enero 14, 1936. *Resuelto:* Abril 28, 1936.

*A. García Veve,* abogado del apelante; *R. A. Gómez, Fiscal,* abogado de El Pueblo, apelado.

El Juez Asociado Señor Hutchison, emitió la opinión del tribunal.

Santiago Cruz Zalduondo fué convicto de acometimiento y agresión grave, cometido según se alegaba, maliciosamente y con intención criminal en la persona de Juan Cruz. La herida, que se describe en la denuncia como de carácter leve, se alegaba que había sido inferida con un arma cor-

tante. La sección 6 de la ley aprobada en marzo 10, 1904 (Estatutos 1911, sección 5664) lee en parte como sigue:

"Sec. 6.—Todo acometimiento y agresión será considerado con circunstancias agravantes en los siguientes casos:

" . . . . . . . . . .

"9.—Cuando se cometiere con intención premeditada para el fin calculado de inferir graves heridas corporales."

Las palabras *"by the use of means calculated to inflict great bodily injury"* aparecen en la versión castellana así: "para el fin calculado de inferir graves heridas corporales". Tres testigos distintos se refirieron en otras tantas formas distintas, al instrumento utilizado en este caso como una navaja curva y una cuchilla curva. Para los fines de esta opinión podría admitirse que los medios empleados fueron "calculados para inferir graves heridas corporales", aunque existe amplio campo para argumentación sobre este aspecto del caso. No existe, desde luego, cuestión alguna respecto a si el instrumento utilizado fué o no un arma mortífera. La denuncia no imputa una agresión con arma mortífera. Nada había que indicara que el instrumento utilizado fuera un arma mortífera. Tampoco existe contención ante este tribunal ni aparentemente la hubo en la corte municipal o ante la corte de distrito, al efecto de que el instrumento en cuestión fuera un arma mortífera.

Santiago Cruz Zalduondo abandonó la casa de su concubina Gregoria Cordero Santiago como a las 11 de la noche. Al llegar a la esquina de la calle vió a su primo Juan Cruz entrar a la casa y volvió hacia atrás. Al regresar a la casa halló a Juan Cruz y a Gregoria Cordero en el cuarto de esta última. Cuando tocó a la puerta de la habitación ésta fué abierta por Juan Cruz quien le preguntó qué pasaba. Santiago acometió a su rival con la navaja o cuchilla curva y le infirió una herida leve en la garganta. Entonces atacó a su concubina y le infirió varias heridas, ninguna de las cuales se demuestra haber sido más seria que la recibida por Juan

Cruz. Existe un marcado conflicto en la prueba respecto a lo ocurrido después de entrar Santiago en la habitación. Hemos dado aquí la versión más favorable al gobierno.

Santiago Cruz fué también convicto de acometimiento y agresión grave cometido en la persona de Gregoria Cordero. La sentencia fué confirmada por este tribunal en 22 de enero del año en curso. En dicho caso la circunstancia agravante consistió en que la agresión fué realizada por un varón adulto en la persona de una mujer. No hubo cuestión alguna de intención premeditada.

Desde luego, Santiago Cruz cometió una agresión en la persona de Juan Cruz. No fué, sin embargo, una agresión grave a menos que existiera una intención premeditada.

Cuando Santiago Cruz en su propia casa tocó a la puerta de la habitación de su concubina poco antes de la medianoche, fué recibido en el umbral por un rival inquisitivo que deseaba saber qué pasaba. Debe presumirse que Santiago Cruz intentó hacer lo que hizo. Puede que haya cometido una agresión intencional, pero sin designio premeditado.

Si Santiago Cruz hubiese tenido la intención premeditada de agredir a su rival, no es probable que se hubiese conformado con una sola herida inefectiva antes de abandonarlo para atacar a su concubina infiel. Juan Cruz estaba desarmado. Nada había que impidiera a Santiago Cruz que realizara su intención premeditada de inferir al intruso un castigo tal como el que bajo las circunstancias incluiría naturalmente un designio premeditado. Las circunstancias que rodean el acometimiento contra Juan Cruz eran tan consistentes con la teoría de una agresión impremeditada, como lo eran con la teoría de una intención premeditada. No es irrazonable creer que si Juan Cruz se hubiese echado hacia un lado y hubiera permitido a Santiago Cruz entrar, o que si Juan Cruz hubiese podido reprimir su curiosidad respecto a los motivos que tenía Santiago Cruz para regresar inesperadamente a su propia casa, Juan Cruz habría escapado indemne. Si la agresión no fué claramente impremeditada,

ni fué precipitada y provocada por la forma en que Juan Cruz se condujo en la casa de su primo Santiago Cruz, no hubo por lo menos prueba satisfactoria de una intención premeditada.

■ Desde luego, es de concebirse mucho, que Santiago Cruz se había forjado una intención premeditada que luego abandonó después de inferir el primer golpe con la navaja o cuchilla curva. También es de concebirse que su intención premeditada no tenía por mira otra cosa que el castigo realmente infligido. La existencia de una intención premeditada no puede sin embargo, fundarse en una mera suposición o conjetura. Ella puede inferirse de las circunstancias, cuando éstas justifican tal inferencia. No debe hacerse tal inferencia de circunstancias que son igualmente consistentes con la teoría de un impulso, pasión o resentimiento repentinos, movidos por la conducta exasperante de la persona agredida.

Santiago Cruz, a nuestro juicio, fué culpable de un acometimiento y agresión simple cometido bajo circunstancias atenuantes.

*La sentencia apelada debe ser modificada de conformidad, y así modificada, confirmada.*